### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA SCHALL, | )<br>)<br>) CIVIL ACTION NO.: _____ |
| Plaintiff, | )<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| BOWHEAD INTEGRATED SUPPORT SERVICES, LLC, AND UIC GOVERNMENT SERVICES, LLC; | )<br>)<br>)<br>)<br>) |
| Defendant. | ) *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Diana Schall, a resident of Franklin County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendants, Bowhead Integrated Support Services and UIC Government Services, LLC, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* (the "ADAAA"), 28 U.S.C. §§1331, 1343 and 1367, and the Pennsylvania Human Relations Act ("PHRA").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Diana Schall ("Ms. Schall"), is an adult individual residing at 1557 Elizabeth Drive, Chambersburg, Franklin County, Pennsylvania.

4. Plaintiff is disabled as defined by the ADAAA.

5. Defendant, Bowhead Integrated Support Services, LLC ("Bowhead"), is incorporated in the Commonwealth of Virginia with an office location at 1350 Superior Ave., Building 57, Chambersburg, Franklin County, Pennsylvania.

6. At all times relevant and material hereto, Bowhead was an employer as defined in the ADAAA and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951 *et seq*.

7. Defendant, UIC Government Services, LLC ("UIC"), is incorporated in the Commonwealth of Virginia with an office located at 4900 Seminary Drive, Suite 1200, Alexandria, Virginia.

8. At all times relevant and material hereto, UIC was an employer as defined in the ADAAA and the Pennsylvania Human Relations Act, 42 P.S. § 951 *et seq*.

## ADMINISTRATIVE PROCEEDINGS

9. On or about March 17, 2017, Ms. Schall filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was docketed as EEOC Charge 530-2017-02012, with instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of dual filing.

10. Ms. Schall has been advised of her right to sue in federal court, which notice was received on or about February 28, 2018.

11. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

12. Ms. Schall was diagnosed with ankyloses in or about April of 2016, which required her to undergo surgery for a complete knee replacement.

13. Ms. Schall underwent successful complete knee replacement surgery to treat her ankyloses, in or about April of 2016.

14. Ms. Schall's position at the Letterkenny Army Depot in Chambersburg prior to surgery as second-shift Production Control Clerk ("PCC") required her to lift packages and occasionally walking up and down flights of steps.

15. Ms. Schall returned to work in September of 2016, expecting to be placed back in her pre-surgery job which required only minimal walking up and down steps and lifting of packages.

16. Instead, upon Ms. Schall's return to work in September of 2016, after only two (2) days of returning to her original position, she was reassigned to work as a first-shift PCC.

17. As a first-shift PCC, Ms. Schall was required to do more walking and lifting than she did previously in the second-shift PCC position.

18. Ms. Schall also experienced a decrease in her pay rate of one dollar per hour as opposed to her previous second-shift position.

19. Ms. Schall upon information and belief, later became aware that Bowhead assigned employees with no disabilities to replace the opening in second-shift which was left when she was transferred to first-shift.

20. In or about October of 2016, Ms. Schall was reassigned to a Material Coordinator ("MC") position which required still greater walking and lifting requirements than the first-shift PCC position.

21. In or about November of 2016, Ms. Schall was asked to serve as a Guide ("Escort") which required a great amount of walking with visitors throughout the work site, sometimes walking many miles in a single shift.

22. Ms. Schall notified her shift supervisor about the level of pain and difficulty she was experiencing due to the increasingly demanding roles and asked why she was being placed into these physically demanding positions following her known knee surgery.

23. Ms. Schall was informed that these new assignments were temporary and not provided with any further explanation for her being placed in them.

24. Ms. Schall followed up again with her supervisors at Bowhead and informed them of the difficulty and pain she had in her roles since second-shift PCC and requested that she be reassigned to her original second-shift PCC position.

25. Ms. Schall could perform the essential functions of the second-shift PCC job without an accommodation since that position required minimal lifting and walking.

26. Bowhead denied Ms. Schall's request for reassignment to her original second-shift PCC position which left Ms. Schall unable to perform the essential job function (walking) of her current position as an Escort, leaving her with no option other than to request an unpaid leave of absence which was granted.

27. Ms. Schall was on leave until January 2017 at which time she presented Bowhead with papers from her doctor which documented her disability and detailed the conditions/restrictions under which she could return to work.

28. On or about January 24, 2017, Bowhead terminated Ms. Schall for being unable to return to work without restrictions.

29. At all times, Bowhead refused to engage in any good faith interactive process with Ms. Schall to find a reasonable accommodation in the form of a position which she could physically perform either with or without an accomodation.

30. Bowhead's discrimination based upon Ms. Schall's disability, and their subsequent retaliation in terminating Ms. Schall for requesting a reasonable accommodation, violated Ms. Schall's rights under the ADAAA, the PHRA, and Title VII of the Civil Rights Act of 1965, as amended.

### COUNT I

**Discrimination and Failure to Provide Reasonable Accommodation Pursuant to the ADAAA**

31. The averments of Paragraphs 1 through 30 above are incorporated by reference as though fully set forth herein.

32. Ms. Schall is within the protective class of individuals as designated by the ADAAA.

33. Ms. Schall is a qualified individual with a disability.

34. Ms. Schall's disability substantially limits her ability to walk long distances, traverse sets of steps on a regular basis, and to carry weighty objects.

35. Ms. Schall was able to perform the essential functions of her pre-surgery second-shift PCC job without an accommodation.

36. Bowhead and UIC violated the ADAAA by refusing to allow Ms. Schall to return to the second-shift PCC job, an otherwise reasonable accommodation under the ADAAA for an individual with a disability.

37. Bowhead and UIC further violated the ADAAA by failing to engage in a flexible interactive process with Ms. Schall to determine if an accommodation was appropriate for the position(s) which they placed her in. As a result, Ms. Schall suffered a lowering of her pay rate and increased pain and difficulty in her position(s) until she was ultimately terminated.

38. The illegal discrimination is based on whole or on part upon Ms. Schall's disability.

39. As a direct and proximate result of the conduct of Bowhead and UIC in violating the ADAAA in discriminating against Ms. Schall on the basis of her disability, Ms. Schall has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Diana Schall, demands that the Court declare the conduct engaged in by Defendants, Bowhead Integrated Support Services and UIC

Government Services, LLC, to be a violation of Plaintiff's rights under the Americans With Disabilities Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, reasonable attorneys fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

## COUNT II

### PHRA Violations

40. Paragraphs 1 through 39 above are incorporated herein by reference as if more fully set forth at length.

41. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

42. By discriminating against and failing to accommodate Ms. Schall on the basis of her disability, Bowhead and UIC violated Ms. Schall's state rights under the PHRA, which prohibits discrimination based upon a disability with respect to the continuation and tenure of employment.

43. As more fully set forth in Count I, Ms. Schall has suffered directly and solely as a result of Bowhead and UIC's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Diana Schall, respectfully prays that judgment be entered in her favor and against Defendants, Bowhead Integrated Support Services and UIC Government Services, LLC, for all of the relief sough in Count I, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

April 9, 2018   */s/ Stephen P. Gunther*
Date   Stephen P. Gunther, Esquire
PA Bar I.D. #: PA324203
sgunther@mwcfirm.com

Derrek W. Cummings, Esquire
PA Bar I.D. #: PA83286
dcummings@mwcfirm.com

Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Steve T. Mahan, Esquire
PA Bar I.D. #: 313550
smahan@mwcfirm.com

2704 Commerce Drive
Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*